IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Governor Nikki Haley, et al., )<br>)<br>Respondents. )<br>) | No. 5:15-cv-1951-RMG<br><br>**ORDER** |

This civil action was brought by Plaintiff *pro se* and while detained at a local detention center. This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 14), recommending the summary dismissal of all of Plaintiff's claims. (Dkt. No. 14). Plaintiff filed a response titled "objections," but the Court was unable to discern any specific objection to the findings and conclusions contained in the R & R. (Dkt. No. 16).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

The Magistrate Judge has ably set forth the profound legal deficiencies contained in each of the Plaintiff's eight claims and correctly concludes that all should be dismissed, some with

prejudice and some without prejudice. (Dkt. No. 14 at 9-22). All claims asserted fail to state a claim upon which relief can be granted. The Court hereby adopts pages 1-22 of the R & R (through the end of the section titled "Failure to State Plausible Claims") as the order of the Court.

Additionally, the Magistrate Judge has carefully gathered and reviewed Plaintiff's long history of bringing claims that are frivolous and fail to state a claim upon which relief can be granted. This has included, prior to this action, 27 non-habeas civil cases since 1998. Ten of these cases were dismissed because Plaintiff failed to respond appropriately to initial orders, twelve of the cases were summarily dismissed without service of process because the claims asserted were frivolous or failed to state claims upon which relief could be granted, and the remaining cases were dismissed on defendants' motions after service of Plaintiff's complaint. (*Id.* at 14). On two separate occasions courts have found that Plaintiff's dismissed actions constituted a "strike" under 28 U.S.C. § 1915(g). *Odom v. Town of Mt. Pleasant Police Dep't*, C.A. No. 3:05-2725-PMD (D.S.C. 2006); *Odom v. Town of Mt. Pleasant*, C.A. No. 2:00-1044-23 (D.S.C. 2000).

It is well settled that a prisoner's right to bring a civil action *in forma pauperis* can be terminated if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court finds this action constitutes a "strike" under § 1915(g). In light of the fact that this is Plaintiff's third "strike," Plaintiff is now barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

## Conclusion

The Court adopts pages 1-22 of the R & R as the order of the Court (through the section titled "Failure to State Plausible Claims") and further finds that this action constitutes a third "strike" under 28 U.S.C. § 1915(g). Based on the foregoing, (1) the Complaint in this case is dismissed in its entirety; (2) Claims One, Three, Six, and parts of Claims Five, Seven and Eight are dismissed with prejudice; (3) Claims Two, Four, and parts of Claims Five, Seven and Eight are dismissed without prejudice; and (4) the Clerk is instructed to dismiss any future civil action filed by Plaintiff *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury.[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

June 18, 2015
Charleston, South Carolina

---

[1] Nothing herein prevents Plaintiff from bringing a future civil action if he prepays the full filing fee or he is under imminent danger of serious physical injury.